# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1804

_____

Richard Russell,                                     *
                                                     *
        Appellant,                         *
                                                     *
   v.                                          *
                                                     *
Men's Wearhouse, Inc., a Texas                       *
Corporation; Bruce Hampton,                          *    Appeal from the United States
individually and in his capacity as                  *    District Court for the District
Senior Vice President; Ted Beile, in                 *    of Minnesota.
his capacity as Vice President; Bill                 *
Ballard, individually and in his                     *    [PUBLISHED]
capacity as Senior Regional Manager;                 *
Harold "Skip"Yachik, individually and                *
in his capacity as District Manager;                 *
Tom Kilwein, individually and in his                 *
capacity as Manager, Paul Mollenkopf,                *
individually and in his capacity as                  *
Manager, Julie Stanke, individually and              *
in her capacity as Assistant Manager,                *
                                                     *
        Appellees.

_____

Submitted: November 18, 1998

Filed: March 22, 1999

_____

Before BEAM, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Richard Russell appeals a grant of summary judgment against him in his action for discrimination in employment under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e and the Minnesota Human Rights Act, Minn. Stat. § 363.01.

Russell, an African-American, was employed as a salesperson and later as an assistant manager at the Men's Wearhouse, a men's clothing store (Wearhouse). He asserts that he was denied promotions and was constructively discharged because of his race and was also retaliated against for filing claims with the Minnesota Human Rights Commission. The district court found that Russell had failed to present evidence that the Wearhouse's articulated reasons for failure to promote and ultimate demotion were pretexts for unlawful discrimination.

In reviewing a decision to grant summary judgment, we apply the same strict standard as the district court; our review is de novo. See O'Bryan v. KTIV Television, 64 F.3d 1188, 1190 (8th Cir. 1995). We view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences. See id. Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c).

Because Russell's discrimination claim is based on inferences to be drawn from circumstantial evidence, we apply the familiar burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under this analysis, the plaintiff must first establish a prima facie case of discrimination, which has the effect of creating a legal presumption of unlawful discrimination. See id. The burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. See id. If the employer meets this burden, the presumption created by the prima facie case is

rebutted and drops from the case.  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993).  The burden of production then shifts back to the plaintiff to show that the proffered reason was a pretext for unlawful discrimination.  See id.  This last step requires a two-part showing—the plaintiff must show:  (1) that the employer's proffered reason is pretextual; and (2) that intentional discrimination is the real reason.  See id. at 515; see also Ryther v. KARE 11, 108 F.3d 832, 838 (8th Cir.) (en banc), cert. denied, 117 S. Ct. 2510 (1997).

On careful consideration of the evidence presented in opposition to the motion for summary judgment, we agree with the district court that Russell has failed to offer sufficient evidence to allow a reasonable juror to conclude that Russell's race was a motivating factor in the decisions by the Wearhouse to deny him promotions and ultimately to demote him.  The Wearhouse presented evidence that Russell was passed over for several promotions for valid business reasons, was eventually promoted to assistant manager, but was later demoted, again for valid business reasons.  Russell has not presented evidence showing that these reasons were pretextual or that the true reason was intentional discrimination.  The record also shows that Russell, although a good salesman, had interpersonal difficulties with co-workers and management.  We have considered Russell's other arguments and find them to be without merit.

Accordingly, we affirm for the reasons stated in the district court's opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.